24-772
Malan-Pesantez v. Blanche

BIA
Christensen, IJ
A240 221 825/826/827/828/829/830

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 23rd day of July, two thousand twenty-six.

PRESENT:
        REENA RAGGI,
        DENNY CHIN,
        JOSEPH F. BIANCO,
                *Circuit Judges.*
_____

ANGEL RUBEN MALAN-PESANTEZ,
ROSARIO ERNESTINA NAMINA-
ORTEGA, KARINA ALEJANDRA
MALAN-NAMINA, K.E.M.N., R.A.M.N.,
M.J.M.N.,
                *Petitioners,*

        v.                                                    **24-772**
                                                              NAC

TODD BLANCHE, ACTING UNITED
STATES ATTORNEY GENERAL,

*Respondent.**

_____

**FOR PETITIONERS:**          Michael Borja, Borja Law Firm, P.C., Jackson Heights, NY.

**FOR RESPONDENT:**          Brian M. Boynton, Principal Deputy Assistant Attorney General; Janice K. Redfern, Senior Litigation Counsel; Gerald M. Alexander, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioners Angel Ruben Malan-Pesantez, Rosario Ernestina Namina-Ortega, and their children, all natives and citizens of Ecuador, seek review of a February 27, 2024, decision of the BIA affirming an October 21, 2022, decision of an Immigration Judge ("IJ") denying asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Angel Ruben Malan-Pesantez, et al.*, Nos. A 240 221 825/826/827/828/829/830 (B.I.A. Feb. 27, 2024), *aff'g* Nos. A 240 221 825/826/827/828/829/830 (Immig. Ct. N.Y. City, Oct. 21, 2022). We

---

* The Clerk of the Court is directed to amend the official caption as set forth above.

2

assume the parties' familiarity with the underlying facts and procedural history.

Under the circumstances, we have reviewed the IJ's decision as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). We review fact-finding "under the substantial evidence standard" and questions of law and the application of law to fact de novo. *Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018). As to the determination of past persecution or a well-founded fear of future persecution, we "review the entirety of the agency's conclusions—both the underlying factual findings and the application of the [Immigration and Nationality Act] to those findings—for substantial evidence." *Urias-Orellana v. Bondi*, 607 U.S. 537, 545 (2026). "[T]he administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B).

"To qualify as persecution the conduct at issue must be attributable to the government, whether directly because engaged in by government officials, or indirectly because engaged in by private persons whom the government is unable or unwilling to control." *Scarlett v. Barr*, 957 F.3d 316, 328 (2d Cir. 2020) (internal quotation marks omitted). The BIA found any challenge to the IJ's determination that the petitioners had not established the Ecuadorian government would be

3

unable or unwilling to protect them from competing street vendors waived for failure to meaningfully raise it on appeal, thus limiting our review to the propriety of the BIA's waiver determination. *See Prabhudial v. Holder*, 780 F.3d 553, 555–56 (2d Cir. 2015) (holding that where the BIA "refuse[s] to consider an issue . . . this Court's review is limited to whether the BIA erred in deeming the argument waived"). The petitioners have abandoned review of that waiver finding by failing to challenge it here. *See Debique v. Garland*, 58 F.4th 676, 684 (2d Cir. 2023) ("We consider abandoned any claims not adequately presented in the appellant's brief, and an appellant's failure to make legal or factual arguments constitutes abandonment." (internal quotation marks omitted)).

Regardless, the waiver finding was not erroneous because the petitioners' brief to the BIA, like their brief here, asserted only in passing that the police did not help them and that the government of Ecuador is corrupt; they did not support those conclusory statements with citation to the record or present a legal argument. *See Prabhudial*, 780 F.3d at 555–56; *Karaj v. Gonzales*, 462 F.3d 113, 119–20 (2d Cir. 2006) (rejecting argument that BIA was required to review IJ's denial of withholding and CAT relief where brief to BIA did not argue those claims[1]); *Matter*

[1] While *Karaj* frames the failure to exhaust as jurisdictional, that requirement has

4

*of Garcia*, 28 I. & N. Dec. 693, 693 n.1 (B.I.A. 2023) (deeming waived challenges to parts of IJ's decision that were not "meaningfully" raised on appeal). Because the petitioners did not meaningfully challenge the unable-or-unwilling-to-protect finding before the BIA and similarly fail to adequately challenge it now, it is both unexhausted and abandoned. *See Vera Punin v. Garland*, 108 F.4th 114, 124 (2d Cir. 2024) ("To preserve an issue for judicial review, the petitioner must first raise it with specificity before the BIA." (internal quotation marks omitted)); *Debique*, 58 F.4th at 684; *Yueqing Zhang v. Gonzales*, 426 F.3d 540, 545 n.7 (2d Cir. 2005) (deeming argument abandoned where brief "devote[d] only a single conclusory sentence" to it). This is especially so because, as noted, these passing assertions are not supported by citation to the record or relevant case law. *See* Fed. R. App. P. 28(a)(8)(A) (requiring "citations to the authorities and parts of the record on which the appellant relies").

Because harm is only persecution with a showing of sufficient state action, the petitioners' failure to establish that the government is unable or unwilling to control the street vendors who abused them is dispositive of asylum and

since been determined to be a non-jurisdictional claim processing rule subject to waiver and forfeiture. *See Ud Din v. Garland*, 72 F.4th 411, 419–20 & n.2 (2d Cir. 2023).

5

withholding of removal. *See Scarlett*, 957 F.3d at 328–29. We therefore do not reach their remaining arguments regarding these forms of relief. *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach.").

The CAT claim similarly fails because the petitioners fail to challenge a dispositive issue. A CAT applicant must show that he or she "more likely than not" will be tortured by or with the acquiescence of government officials. 8 C.F.R. §§ 1208.16(c)(2), 1208.18(a)(1); *see Garcia-Aranda v. Gonzales*, 53 F.4th 752, 758–59 (2d Cir. 2022) ("Analysis of a CAT claim boils down to a two-step inquiry"— namely, a showing of likely torture *and* "sufficient state action"). The petitioners' brief challenges only the agency's acquiescence finding; thus, they have abandoned review of the agency's dispositive finding that they failed to demonstrate that they would more likely than not be tortured. *See Debique*, 58 F.4th at 684; *Garcia-Aranda*, 53 F.4th at 758–59. Therefore, we need not reach the remaining acquiescence arguments. *See Bagamasbad*, 429 U.S. at 25.

We address the remaining arguments only to the extent necessary to highlight deficiencies in the brief prepared by counsel Michael Borja. We have

6

previously rejected counsel's unsupported challenge to the acquiescence requirement for a CAT claim.  The regulations require acquiescence, and counsel has not explained why we should apply the unable-or-unwilling-to-protect standard applicable to asylum and withholding of removal.  *See* 8 C.F.R. § 1208.18(a)(1); *Scarlett*, 957 F.3d at 336 (leaving it to BIA on remand to determine "how the 'unable' prong of the unwilling-or-unable standard, as applicable to withholding claims, might translate to identifying government acquiescence in torture"); *Matter of M-S-I-*, 29 I. & N. Dec. 61, 64 (B.I.A. 2025) ("[T]he acquiescence standard for CAT protection differs from the unable-or-unwilling standard for asylum and withholding of removal; the potential for private actor violence coupled with a speculation that police cannot or will not help is insufficient to prove acquiescence.").  Similarly, counsel contends that withholding of removal has a less-stringent nexus standard than asylum.  But the "one central reason" standard applies both to asylum and withholding of removal, *see Quituizaca v. Garland*, 52 F.4th 103, 109–14 (2d Cir. 2022), and we have previously rejected counsel's argument, *see, e.g.*, *Chamba-Alvarez v. Garland*, No. 21-6072, 2023 WL 6439401, at *1 & n.1 (2d Cir. Oct. 3, 2023) (summary order); *Acero-Guaman v. Garland*, No. 21-6606, 2024 WL 1734054, at *1 (2d Cir. Apr. 23, 2024) (summary

7

order).

In addition, the brief misstates the record. Counsel says that the IJ denied asylum as abandoned or time-barred, but the IJ denied asylum on the merits and did not deem the claim or evidence associated with it untimely. And contrary to counsel's position, the IJ considered the CAT claim and denied it on the merits.

For the foregoing reasons, the petition for review is DENIED. Given the defects in briefing by the petitioners' counsel Michael Borja, a copy of this order will be forwarded to the Grievance Panel. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court